**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(WICHITA DOCKET)**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) <br> ) <br>                  Plaintiff, ) <br> vs. ) <br> ) <br> BRADLEY A. PISTOTNIK, ) <br> and DAVID DORSETT, ) <br> ) <br>                  Defendants, ) <br> _____) | Case Number: 18-10099-01,02-EFM |

## ORDER GRANTING MOTION TO CONTINUE PRETRIAL DEADLINES AND TRIAL DATE

NOW ON THIS 16th day of April, 2019, comes before the Court Defendant's Motion to Continue the Pretrial Deadlines and Jury Trial. Defense counsel is requesting a 60 day continuance. The Court finds:

1. This prosecution involves two defendants, Bradley Pistotnik and David Dorsett, each of whom has been accused of violating the Computer Fraud and Abuse Act ("CFAA"), 18 U.SC. 1030(a)(5) and (a)(7), and conspiracy to commit the same. Mr. Pistotnik has also been charged with making false statements under 18 U.S.C. 1001;

2. On February 13, 2019, this Court issued an order modifying the trial deadlines, moving the status conference, and continuing the case to May 28, 2019, and expert witness disclosures are currently due on April 12, 2019. (Doc. 70);

3. At the time of the prior request for continuance being filed (Doc. 64), Mr. Pistotnik and his counsel were awaiting a court ruling regarding the issuance of third party subpoenas for documents from Xcentric and Chandler Systems, LLC. Since that filing the Court has issued an Order granting in part and denying in part the defendant's request for

documents from Xcentric and Chandler Systems, LLC. (Doc. 66). However, developments since that date have made it apparent that a further continuance will be required;

4. The reasons for this request for continuance are primarily discovery related. As previously related to this Court, some of the targets of the "email bomb" attacks that the indictment describes are Xcentric Ventures, LLC, d/b/a Ripoffreport.com ("Xcentric"), and its web host, Chandler Systems, LLC ("Chandler") – both located in Arizona. Those entities are in possession of documents that cannot be obtained from any other source and which are critical to key aspects of this case. They are the primary body of evidence (perhaps the only body of evidence) capable of illuminating what "damage/loss" (as defined in the Computer Fraud and Abuse Act) those attacks caused. As the case currently stands, the United States, through these Arizona entities, contends that the emails sent by the mass-mailing script that Mr. Dorsett wrote caused approximately $72,000.00 in damages, a number that will be directly and critically relevant to the determination of guilt, as well as the sentence imposed upon the defendant(s) if one or both of them are convicted;

5. For this reason, Mr. Pistotnik issued subpoenas to Xcentric and Chandler, seeking discovery related to the damage question and other matters. Xcentric and Chandler, however, moved to quash the subpoenas. (Doc. 47). Subsequently, additional motions and briefs were submitted by Mr. Pistotnik, Xcentric, and Chandler. (Doc. 51, Doc 54, Doc. 55 & Doc.56);

6. On February 12, 2019, the Motion to Quash was ruled upon by the Court (Doc 66). Chandler and Xcentric were given until March 13, 2019 to respond. On March 13, 2019, they provided

five (5) pages of documents to the Court which were then forwarded to the defendants;

7. Preceding the production by Xcentric and Chandler to the subpoenas, Mr. Pistotnik, on February 26, 2019, filed a Motion for Reconsideration of the Court's Order limiting the scope of the aforementioned subpoenas. (Doc. 71). On March 25, 2019 the Court set the Motion for Reconsideration for hearing on May 6, 2019 at 2:00 p.m. (Doc. 75). This hearing may then allow for further, but as yet unobtained, discovery and thus would require a continuance so the defense has ample time to collect the documents, process them, and review them. Additionally, based on the documents received thus far, it has become apparent that the production may be incomplete in some critical aspects; these apparent omissions will also need to be addressed;

8. Even if the Court denies the Motion for Reconsideration for issuance of the subpoenas in its entirety, Mr. Pistotnik will nonetheless need additional time for trial preparation. The damage/loss issue is central to the case and must be addressed, and the same is true of the other questions of fact discussed in the briefing concerning the subpoenas to Chandler and Xcentric. If the evidence on those points cannot be collected from Chandler and Xcentric, it will have to be pursued elsewhere, and assumptions concerning the form and source of the damage/loss evidence that Mr. Pistotnik's counsel utilized up to that point will need to be adjusted;

9. Other third-party discovery also remains outstanding. Mr. Pistotnik issued subpoenas to Google and Microsoft regarding a number of email accounts utilized by Mr. Dorsett, which Mr. Dorsett initially opposed (Doc. 39). That objection appears to have been resolved to some degree between Mr. Dorsett and Mr. Pistotnik through the entry of the agreed protective order that the Court approved (Doc. 57). Initially, Google

refused to comply with the subpoena and directed Mr. Pistotnik's counsel to obtain Mr. Dorsett's consent, as required under the Stored Communications Act (18 U.S.C. §§ 2701–2712). The consent from Mr. Dorsett, which Google required, has been sent to Google. However, the requested data has not been transmitted to Mr. Pistotnik by Google as of the filing of this motion. Additionally, Microsoft, while having the invoice for the requested data paid by Pistotnik, has not forwarded the requested items to the defense. As counsel for the Government, Jason Hart, advised the Court on February 13, 2019, these third party entities "can be difficult";

10. The quantity of data in those accounts, much less its significance, is utterly unknowable at this point, as is the total time that will be required for the current custodians of the data to process and produce it, and the time that will then be required for Mr. Pistotnik and his counsel to review it. All that is certain is that these things will take weeks, and that although haste may be possible in connection with some components of these processes, the stakes are such that the analysis of the data must be careful, deliberate, and thorough;

11. The point is, third-party discovery in this matter is important, is being diligently pursued, and cannot be completed and utilized effectively without a continuance;

12. This case will rely heavily on expert testimony and investigation. All indications are that experts will testify in many areas – including but not limited to forensic experts, experts on "damage/loss", text messaging, cellular data, messaging services and possibly others, as well. Part of the difficulty of the matter is that the defendants cannot fully know the role of expert testimony in their defense until the entirety of the third-party discovery has been obtained and reviewed. While variations as to areas of concern are not infinite,

they are numerous. It is imperative that the defense have sufficient time to review and analyze the entirety of the data produced. Unfortunately, counsel cannot do that until they have all of the data in hand. Then the information will need to be provided to the expert(s) for review. Once the defense receives the preliminary reports as to the relevance then and only then could Mr. Pistotnik move forward with identifying which experts he expects to call at trial and properly prepare his defense to the allegations in this case. Counsel and the experts cannot complete these tasks without the subpoenaed materials which are the subject of the Motion to Reconsider pending before this Court as well as the previously issued requests to Google and Microsoft;

13. For the reasons set forth above, the undersigned requests that all filing deadlines, as well as the trial dates be continued in accordance with this motion. Once the issues surrounding the subpoenaed materials are fully resolved, and the defense has had sufficient opportunity to review the documents, with the assistance of experts, the defense does not foresee any further barricades or impediments to trial. The undersigned feels that a sixty (60) day continuance should be sufficient to allow for discovery to be completed, reviewed and the matter need only be revisited if necessary;

14. Counsel has conferred with Mr. Pistotnik regarding this continuance motion. Pistotnik believes that it is in his best interest and has no objection;

15. Counsel has conferred with counsel for Mr. Dorsett, Mr. Robinson, regarding this continuance motion, he has no objection to this motion; and

16. Counsel for Mr. Pistotnik has also consulted with counsel for the United States government, Jason Hart, he has no objection to this motion.

The Court, after reviewing the file and being fully advised in the premises finds that a

continuance is necessary.

The Court further finds that the period of delay resulting from the continuance granted pursuant to this order shall be excludable time as provided for in 18 U.S.C. 3161(h)(8) in that the ends of justice are served by granting such continuances and outweigh the best interest of the public and defendant in a speedy trial.

Specifically, the period of delay resulting from such continuance, May 28, 2019, through July 30, 2019 shall be excludable time as provided for by the Speedy Trial Act, 18 U.S.C. 3161(h)(7).

The amount of discovery to be reviewed has created a need for additional time, and without a continuance, the defendant would be denied "reasonable time necessary for effective preparation." 18 U.S.C. 3161 (h) (7) (B) (iv). *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

IT IS THEREFORE ORDERED that Defendant's Motion to Continue, Doc. 76, is hereby GRANTED, and the pretrial motions deadline is rescheduled for June 24, 2019, the status conference is rescheduled for July 15, 2019 at 9:30 a.m. in Judge's Chambers, Room 414, and the jury trial is rescheduled for July 30, 2019 at 9:00 a.m. in Courtroom 408.

IT IS SO ORDERED.

_____
HONORABLE JUDGE ERIC F. MELGREN
U.S. District Court Judge