IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BRADLEY A. PISTOTNIK and DAVID )<br>DORSETT, )<br>)<br>Defendants. ) | District Court<br>Case Nos.<br>18-10099-01<br>18-10099-02 |

TRANSCRIPT OF EXCERPT OF PROCEEDINGS

    On the 4th day of October, 2019, came on to be heard proceedings in the above-entitled and numbered cause before the HONORABLE ERIC F. MELGREN, Judge of the United States District Court for the District of Kansas, sitting in Wichita, commencing at 9:36 A.M. Proceedings recorded by machine shorthand. Transcript produced by computer-aided transcription.

APPEARANCES:

The plaintiff appeared by and through:
    Mr. Jason W. Hart
    United States Attorney's Office
    301 North Main Street
    Suite 1200
    Wichita, Kansas  67202-4812

The defendant appeared by and through:
    Mr. Mark T. Schoenhofer
    Schoenhofer Law Office
    1631 East First Street North
    Wichita, Kansas  67214

The defendant Pistotnik appeared in person and by and through:
    Mr. Kepler B. Funk
    Mr. Alan S. Diamond
    Funk, Szachacz & Diamond, LLC
    3962 West Eau Gallie Blvd.
    Suite B
    Melbourne, Florida  32934

The defendant Dorsett appeared by and through:
    Mr. Edward L. Robinson
    Robinson Law Firm, LLC
    200 North Broadway
    Fifth Floor
    Wichita, Kansas  67202

The Movant Xcentric Ventures LLC and Chandler Automated Systems:
    Mr. Shazzie Naseem
    Berkowitz Oliver LLP
    2600 Grand Boulevard
    Suite 1200
    Kansas City, Missouri  64108

    Ms. Angela Campbell
    Dickey & Campbell Law Firm, P.L.C.
    301 East Walnut
    Suite 1
    Des Moines, Iowa  50309

Case 6:18-cr-10099-EFM   Document 149   Filed 10/09/19   Page 3 of 9

10-4-19   USA v. PISTOTNIK, et al.   No. 18-10099   3

```
09:44:14   1            THE COURT:  Let's talk about the Barracuda matter.
09:44:18   2            Mr. Naseem, defendants are purporting to instruct
09:44:22   3   you in computer applications.  What's your response to
09:44:26   4   their allegations that you're opening with the wrong
09:44:28   5   program?
09:44:29   6            MR. NASEEM:  Your Honor, the WinRAR program that
09:44:29   7   we --
09:44:29   8            THE REPORTER:  I'm sorry, the what?
09:44:35   9            MR. NASEEM:  I'm sorry, it's the W-I-N and then
09:44:37  10   capital R-A-R.  It's a type of application very commonly
09:44:42  11   used to open files, and it would be used in this case to
09:44:47  12   open a file of this particular type.  It's been used by
09:44:52  13   the company to open files in the past and it's certainly
09:44:54  14   the one they have available to them, and that is why they
09:44:57  15   use that program to try to open this type of file.  But
09:45:00  16   what they found was it was corrupt and could not be
09:45:03  17   opened.  It --
09:45:04  18            THE COURT:  Well, Mr. Pistotnik's parties indicate
09:45:07  19   that they think if you tried opening with a different
09:45:10  20   application, that you would have more success.  Have you
09:45:12  21   done that?
09:45:13  22            MR. NASEEM:  We did not use -- go out -- this is
09:45:15  23   the program that the company uses for opening that type
09:45:18  24   of file.  We did not go out and try to use different
09:45:21  25   programs to figure out whether or not it could be opened.
```

Case 6:18-cr-10099-EFM   Document 149   Filed 10/09/19   Page 4 of 9

10-4-19   USA v. PISTOTNIK, et al.   No. 18-10099      4

```
09:45:26   1  But the program that we normally use to open this --
09:45:28   2          THE COURT:  Why did you not use the program that
09:45:31   3  the defense suggested the file was actually created in?
09:45:31   4          (Whereupon, a sotto voce discussion was had
09:45:35   5  between Mr. Naseem and Ms. Campbell.)
09:45:35   6          MR. NASEEM:  Oh, we did.  Okay.  Our internal --
09:45:39   7  Justin Crossman, who's one of the folks that are --
09:45:39   8          THE COURT:  Right.
09:45:43   9          MR. NASEEM:  -- at issue here, did actually try to
09:45:44  10  open the computer program with -- or the file with
09:45:47  11  different programs and could not get it to open with
09:45:50  12  those either.
09:45:51  13          THE COURT:  And when you say "different programs,"
09:45:52  14  does that include the file suggested by defense?
09:45:55  15          MR. NASEEM:  I don't know if it did or not.
09:45:57  16          MS. CAMPBELL:  I don't know.
09:45:57  17          THE COURT:  So, again, my question is why did
09:45:59  18  you -- if defense said clearly this file could be opened
09:46:02  19  with XYZ program, why have you not tried to open it with
09:46:07  20  XYZ program?
09:46:09  21          MR. NASEEM:  Well, we didn't do it, Your Honor.  I
09:46:11  22  don't --
09:46:11  23          MR. HART:  Do you know if you did that or not?
09:46:13  24          MR. NASEEM:  Did we try to open it with a
09:46:14  25  different program?  Oh, I don't know if we tried it with
```

Case 6:18-cr-10099-EFM   Document 149   Filed 10/09/19   Page 5 of 9

10-4-19   USA v. PISTOTNIK, et al.   No. 18-10099        5

```
09:46:17   1  the program that they have suggested.
09:46:18   2          THE COURT:  That's my question.
09:46:20   3          MR. NASEEM:  I do not know.  But I --
09:46:22   4          THE COURT:  What have you -- I'm sorry.  Go ahead.
09:46:24   5          MR. NASEEM:  But there's a twofold issue with
09:46:26   6  respect to that particular file.
09:46:28   7          If that program that they suggested does actually
09:46:31   8  open it, then what you have in Barracuda is a system that
09:46:36   9  captures all of the emails that come through the server,
09:46:41  10  and so essentially we would have to do then a privilege
09:46:45  11  review and/or filtering process.
09:46:48  12          THE COURT:  You forfeited that argument,
09:46:49  13  Mr. Naseem, by not trying to open them in the file that
09:46:51  14  they've suggested.  That was a argument that you could
09:46:55  15  have made, but by your refusal to consider opening it in
09:46:58  16  the format the defense has suggested, I'm considering
09:47:00  17  that you forfeited that argument.
09:47:02  18          What is the status with respect to this data?
09:47:05  19  Have you provided it in an unopened system, to allow
09:47:09  20  defendants to try to open it, or have you provided it in
09:47:12  21  native format so that they can try to access it?
09:47:14  22          MR. NASEEM:  We have not provided that data, Your
09:47:16  23  Honor, because we could not open it and we deemed it a
09:47:19  24  corrupt file and not producible, not relevant, because it
09:47:22  25  could not be opened.
```

Case 6:18-cr-10099-EFM   Document 149   Filed 10/09/19   Page 6 of 9

10-4-19   USA v. PISTOTNIK, et al.   No. 18-10099      6

```
09:47:23   1          THE COURT:  The defendants want that provided to
09:47:25   2   them in either native format or in its current format so
09:47:30   3   that you can try the system that, for unexplained
09:47:33   4   reasons, Xcentric has refused to do?
09:47:35   5          MR. DIAMOND:  Yes, Your Honor, in native format.
09:47:37   6   We just want the data file itself.  We'll try our best to
09:47:41   7   get it open.
09:47:42   8          MR. NASEEM:  Your Honor, I guess I'm confused as
09:47:45   9   to why all privilege would be waived as to --
09:47:47  10          THE COURT:  Because, Mr. Naseem, you were
09:47:49  11   instructed by defendants that they -- their IT people
09:47:54  12   indicated that that file could be opened in this -- with
09:47:57  13   this application and you declined to try that.  And given
09:48:01  14   the advance of the trial date, any arguments you may have
09:48:05  15   had with regard to that -- this whole process has been --
09:48:10  16   discovery has been eked out one data byte at a time while
09:48:14  17   the calendar continues to tick, and I'm --
09:48:18  18          MR. NASEEM:  Well, Your Honor --
09:48:19  19          THE COURT:  -- not happy with that.  And so
09:48:21  20   because it's all been delay tactics, what my old partners
09:48:25  21   used to call the dilatory tactics team hard at work,
09:48:29  22   we're past that point.  So because of your refusal to
09:48:32  23   take defendants' suggestion that this should be able to
09:48:35  24   be opened with this file and you've not tried that,
09:48:37  25   you've waived any defenses you would otherwise have,
```

Case 6:18-cr-10099-EFM   Document 149   Filed 10/09/19   Page 7 of 9

10-4-19   USA v. PISTOTNIK, et al.   No. 18-10099      7

```
09:48:39   1  which is just at this point, in my view, a further
09:48:42   2  dilatory tactic.
09:48:43   3       I'm ordering you to produce that data in native
09:48:47   4  format or in the format that you have for them to try to
09:48:49   5  do it by no later than close of business Monday.
09:48:52   6       MR. NASEEM:  So any privilege that we would have
09:48:54   7  with respect to any other matter --
09:48:56   8       THE COURT:  What privileges do you think you have
09:48:57   9  with respect to that data?
09:48:59  10       MR. NASEEM:  Well, the company does business with
09:49:02  11  other people across the country.  I mean, this is not the
09:49:04  12  only case we have that --
09:49:05  13       THE COURT:  Well, that's not privilege.  That's
09:49:07  14  relevance.
09:49:08  15       MR. NASEEM:  I'm saying with respect to any
09:49:11  16  communications that the company would have had to other
09:49:12  17  law firms that they would use.
09:49:14  18       THE COURT:  Are you speculating or do you know, in
09:49:16  19  fact, that such information's contained in that data?
09:49:18  20       MR. NASEEM:  I have not viewed the data, Your
09:49:20  21  Honor, so I do not know but I --
09:49:21  22       THE COURT:  Close of business Monday that's to be
09:49:25  23  produced to defendants, and they can try to open it on
09:49:28  24  applications that they have.  To the extent it produces
09:49:32  25  irrelevant information, that will not be introduced at
```

Case 6:18-cr-10099-EFM   Document 149   Filed 10/09/19   Page 8 of 9

10-4-19   USA v. PISTOTNIK, et al.   No. 18-10099        8

```
09:49:34   1  trial, obviously, under irrelevant information.  To the
09:49:36   2  extent it produces information -- confidential
09:49:40   3  information beyond any relevance to this case, they're
09:49:42   4  going to be subject to my protective order that they not
09:49:45   5  disclose it beyond.  But other than that, your refusal to
09:49:48   6  address these issues in a timely manner has waived your
09:49:51   7  objection.  That's my ruling on this case.
           8          (End of requested excerpt.)
           9
          10
          11
          12
          13
          14
          15
          16
          17
          18
          19
          20
          21
          22
          23
          24
          25
```

C E R T I F I C A T E

       I, Johanna L. Wilkinson, United States Court Reporter in and for the District of Kansas, do hereby certify:

       That the above and foregoing proceedings were taken by me at said time and place in stenotype;

       That thereafter said proceedings were transcribed under my direction and supervision by means of computer-aided transcription, and that the above and foregoing constitutes a full, true and correct transcript of said proceedings;

       That I am a disinterested person to the said action.

       IN WITNESS WHEREOF, I hereto set my hand on this the 9th day of October, 2019.


       s/ Johanna L. Wilkinson
       Johanna L. Wilkinson, CSR, CRR, RMR
       United States Court Reporter